UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD HAWLEY,

    *Plaintiff,*

v.

CATHY, et. al.,

    *Defendants.*

                                   /

Case No. 4:20-cv-12572

District Judge Shalina D. Kumar
Magistrate Judge Patricia T. Morris

**REPORT & RECOMMENDATION TO GRANT DEFENDANTS
JOSHUA BUSKIRK, P.A. AND HILDA MBIDZO, N.P.'S MOTION
TO DISMISS (No. 33) AND DEFENDANTS RN CATHY, RN CARLA
GROSS, AND RN JONES' MOTION TO DISMISS (ECF No. 36)**

**I.    Introduction and Recommendation**

On August 31, 2020, Plaintiff Ronald Hawley ("Hawley") a Michigan Department of Corrections ("MDOC") prisoner then housed at the G. Robert Cotton Correctional Facility ("JCF") in Jackson, Michigan filed suit in this Court under 42 U.S.C. § 1983, alleging violations of his Eighth Amendment rights.

On May 27, 2022, Defendants Joshua Buskirk, P.A. and Hilda Mbidzo, N.P. filed a motion to dismiss under Fed. R. Civ. P. 41(b) for failure to prosecute, noting that March 21, 2022 discovery requests served on Plaintiff at his last known address were returned as undeliverable and that he failed appear for a May 12, 2022 deposition. (ECF No. 33, PageID.105). A copy of the undersigned's order requiring Plaintiff to respond to the motion to dismiss was returned as undeliverable. (ECF Nos. 34-35).

On June 22, 2022, the Defendants Leffingwell, Jones, and Gross also filed a motion to dismiss under Rule 41(b) based on Plaintiff's failure to appear for the May 12, 2022 deposition. (ECF Nos. 36). A copy of the undersigned's order requiring a response to the motion was returned as undeliverable. (ECF Nos. 37-38). An August 22, 2022 order to show cause why this case should not be dismissed for failure to prosecute was also returned undelivered. (ECF Nos. 39-40).

**I RECOMMEND GRANTING** Defendants' Motions to Dismiss (ECF Nos. 33, 36) and **DISMISSING** this action under Fed. R. Civ. P. 41(b) for failure to prosecute.

**II.     Report**

Federal Rule of Civil Procedure 41(b) grants federal courts the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." Fed R. Civ. P. 41(b). "This measure is available to the district court as a tool to effect 'management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties.'" *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999) (quoting *Matter of Sanction of Baker*, 744 F.2d 1438, 1441 (10th Cir. 1984)). "Not only may a district court dismiss for want of prosecution upon motion of a defendant, but it may also *sua sponte* dismiss an action whenever necessary to 'achieve the orderly and expeditious disposition of cases.'" *Anthony v. Marion Co. Gen. Hosp.*, 617 F.2d 1164, 1167 (5th Cir. 1980) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 631 (1962)).

The Sixth Circuit employs four factors to determine whether a case should be dismissed for want of prosecution pursuant to Rule 41(b):

>(1) whether the party's failure is due to willfulness, bad faith, or fault;
>(2) whether the adversary was prejudiced by the dismissed party's conduct;
>(3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal of the action.

*Saulsberry v. Holloway*, 622 F. App'x 542, 545 (6th Cir. 2015) (quotation omitted).

Regarding the first factor, although Plaintiff has been released from custody since filing this lawsuit, he has failed to update his address. The docket still shows Plaintiff's current address as the G. Robert Cotton Correctional Facility in Jackson, Michigan. "Pro se litigants have the same obligation as an attorney to notify the Court of a change of address." *Dorsey v. Gidley*, No. 18-CV-10338, 2020 WL 8674171, at *1 (E.D. Mich. July 20, 2020). They have "the duty to inform the court of any address changes, and it is not incumbent upon this Court or its staff to keep track of [their] current address." *Id.* (internal citations omitted). Moreover, in a notice dated November 20, 2020, Plaintiff was explicitly warned that under E.D. Mich. LR 11.2, he was required to notify the Court and all parties to the action of any changes to his "address, e-mail address, phone number, and/or other contact information." (ECF No. 7). Because Plaintiff is at fault for the failure to update his address, the first factor under Rule 41(b) is met.

Regarding the second factor, it is indisputable that Defendants were prejudiced by Plaintiff's neglect. "A defendant is prejudiced by a plaintiff's dilatory conduct if the defendant is required to waste time, money, and effort in pursuit of cooperation which the plaintiff was legally obligated to provide." *Carpenter v. City of Flint*, 723 F.3d 700, 707 (6th Cir. 2013) (internal citation omitted). Defendants Buskirk and Mbidzo state that March 21, 2022 discovery requests served at Plaintiff's last known address were returned

as undeliverable and that although Plaintiff was timely noticed, he failed appear for a May 12, 2022 deposition. (ECF No. 33, PageID.105). Defendants Leffingwell, Jones, and Gross likewise note that Plaintiff did not show for the May 12, 2022 deposition at which all of Defendants lawyers were present. (ECF No. 36, PageID.142). Two attempts to reach Plaintiff by telephone during the time scheduled for the deposition were unsuccessful. (*Id.*), (ECF No. 36-1, PageID.153-54). The Court agrees with Defendants Leffingwell, Jones, and Gross' argument that Plaintiff's "failure to appear was a misuse of counsel and the court reporter's time, as well as the costs associated with the deposition." (ECF No. 36, PageID.147). *See Simmons v. City of Detroit*, No. 18-13813, 2021 WL 1224940, at *3 (E.D. Mich. Mar. 31, 2021) (finding prejudice to Defendants where "[d]espite their efforts, [they] have been stymied from obtaining Simmons's deposition, a critical piece of discovery in this civil rights action . . .").

As to the third factor, Plaintiff has been warned that his non-feasance could result in dismissal of the case. On August 22, 2022, the undersigned issued an order to show cause why this case should not be dismissed for failure to prosecute, requiring Plaintiff to respond by September 7, 2022. (ECF No. 159). The order concludes with the warning that his "failure to comply with this order may result in a recommendation to dismiss his Complaint." (*Id.* at PageID.160) (boldface omitted). Plaintiff did not respond, and the order (sent to his last known address) was returned as undeliverable on August 30, 2022.

Under the fourth factor, the courts generally consider whether less drastic sanctions were imposed or considered before dismissal. However, Plaintiff, incommunicado for over 11 months, has clearly abandoned this case. *See Wiggins v. Daymar Colleges Grp., LLC*,

317 F.R.D. 42, 46 (W.D. Ky. 2016) (Dismissing under Rule 41(b) where "[t]he continued silence from the missing Plaintiffs strongly indicates that they have abandoned any interest in prosecuting this case").  Here, Plaintiff's failure to communicate with the Court also prevents imposing lesser sanctions.  "The Court also cannot effectively impose sanctions other than dismissal on absentee parties . . . without a party to receive the sanction, it has no purpose." *Id.*  Consistent with *Wiggins*, I am unpersuaded that a sanction short of dismissal would be appropriate in this matter. *See Bullard v. Roadway Exp.*, 3 F. App'x 418, 421 (6th Cir. 2001) (per curiam) ("[A] district court does not abuse its discretion by dismissing a case when other sanctions might be workable as long as dismissal is supported by the facts."); *Morley v. Comm'r of Soc. Sec.*, No. 12-14653, 2013 WL 2051326, at *1 (E.D. Mich. May 14, 2013) (holding that where a petitioner "effectively abandon[s] the case . . . dismissal is the only appropriate remedy available"). The fourth factor therefore weighs in favor of dismissal.

Because all four factors support dismissing Plaintiff's civil case, I recommend dismissal of the civil case for failure to prosecute.

### C. Conclusion

Accordingly, **I RECOMMEND GRANTING** Defendants' Motions to Dismiss (ECF Nos. 33, 36) and **DISMISSING** this action under Fed. R. Civ. P. 41(b) for failure to prosecute.

## III. Review

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and

file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  September 14, 2022                         S/ PATRICIA T. MORRIS
                                                  Patricia T. Morris
                                                  United States Magistrate Judge